UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FLYPAPER DISTRIBUTION, LLC,

    Plaintiff,

    v.

DOES 1 - 19,

    Defendants.

Case No. C13-0063RAJ-RSL

ORDER TO SHOW CAUSE AND
QUASHING SUBPOENAS

       This action was filed on January 9, 2013. It is one of forty-eight copyright infringement actions filed during a four month period by attorney Richard J. Symmes against approximately 2,323 individual Doe defendants. The nineteen defendants in this case are represented by IP addresses linked to on-line sharing of the movie "Flypaper" between 1:29 pm on August 30, 2012, and 2:40 pm on November 27, 2012. Although the evidence of internet activity shows that hours, if not days, separated each defendant's allegedly infringing conduct, plaintiff alleges that all nineteen defendants participated in a single "swarm" utilizing interactive peer-to-peer file transfer technology protocol called a BitTorrent to illegally copy and share "Flypaper." Plaintiff affirmatively alleges that the "swarm" aspect of the file-sharing justifies joinder of these disparate defendants in a single lawsuit.

ORDER TO SHOW CAUSE AND
QUASHING SUBPOENAS - 1

1       On February 12, 2013, the Court granted plaintiff's motion to initiate early
2  discovery, including the issuance of subpoenas under Fed. R. Civ. P. 45 to internet
3  service providers, in an attempt to identify each Doe defendant. No defendants have filed
4  objections to the subpoenas. Despite the fact that more than two months have elapsed
5  since discovery was authorized, there is no indication that any defendants have been
6  timely served (see Fed. R. Civ. P. 4(m)), nor has plaintiff amended its complaint to
7  identify the Doe defendants.

8       All BitTorrent cases filed in the Western District of Washington have been
9  referred to the undersigned for pretrial handling. As the full extent of this assignment has
10  become clear, the Court admits to some concerns regarding both the appropriateness of
11  joinder and the possibility that the judicial authority of the United States may be used to
12  wrest improvident settlements from pro se litigants under threat of huge statutory
13  penalties. The Court is not alone: other judicial officers in the Ninth Circuit are beset by
14  the same concerns and have taken various paths to mitigate the potential for abuse. See,
15  e.g., Ingenuity 13 LLC v. John Doe, No. 2:12-cv-9333-ODW(JCx) (C.D. Cal. May 6,
16  2013); Voltage Pictures, LLC v. Does 1-12, No. 2:13-292-AA (D. Or. May 4, 2013).

17       Having reviewed the record in this and related cases as well as the relevant
18  case law, it is hereby ORDERED as follows:

19    1. Any and all subpoenas issued in the above-captioned matter are hereby
20  QUASHED. Plaintiff shall immediately notify the subpoena recipients that they need not
21  respond.

22    2. To the extent plaintiff has obtained identifying information regarding one or
23  more Doe defendants, whether through the service provider, defendant, or another source,
24  it shall not utilize that information in any way. If plaintiff has already contacted one or
25  more of the defendants, it shall file under seal all correspondence or other written

26

ORDER TO SHOW CAUSE AND
QUASHING SUBPOENAS - 2

1  communications (including emails) sent to defendants and a summary of any oral
2  communications.  Plaintiff shall refrain from any further oral or written communications
3  with defendants unless expressly approved by the Court in advance.

4       3. Plaintiff shall, within fourteen days of the date of this Order, show cause why
5  the above-captioned matter should not be dismissed as to all defendants other than Doe 1
6  for improper joinder and/or pursuant to the Court's inherent authority to control its
7  docket.

8       4. Plaintiff shall, within fourteen days of the date of this Order, show cause why
9  the above-captioned matter should not be dismissed as to all defendants for failure to
10 timely serve.

11      5. Plaintiff shall, within fourteen days of the date of this Order, provide additional
12 information regarding (a) Flypaper Distribution, LLC's ownership of the copyright at
13 issue and (b) Flypaper Distribution, LLC's direct and indirect members/owners/
14 stakeholders.  Plaintiff shall provide a copy of any and all transfer statements and/or
15 work-for-hire agreements supporting a determination that Flypaper Distribution, LLC has
16 standing to pursue this action.  Plaintiff shall also supplement the corporate disclosure
17 statement filed in this action (Dkt. # 2) by providing the registration information for
18 Foresight Unlimited, LLC maintained by the Secretary of State and identifying all
19 members/owners/stakeholders of Foresight Unlimited, LLC, both direct and indirect, in
20 the form of an organizational tree that reaches back far enough to reveal all individual
21 members/owners/stakeholders and publicly-traded corporations.

22      6. With the exception of the actions specifically set forth in this Order, the above-
23 captioned matter is hereby STAYED.

ORDER TO SHOW CAUSE AND
QUASHING SUBPOENAS - 3

1    The Clerk of Court is directed to place this Order to Show Cause on the
2  Court's calendar for Friday, May 31, 2013.

3
4    Dated this 15th day of May, 2013.

5
       /s/ Robert S. Lasnik
       Robert S. Lasnik
6      United States District Judge

ORDER TO SHOW CAUSE AND
QUASHING SUBPOENAS - 4